JAMES C. YOON, State Bar No. 177155
jyoon@wsgr.com
DAISY POON, State Bar No. 244986
dpoon@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Plaintiff
MSHIFT, INC.

FILED
2010 FEB 19 A 11: 05
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MSHIFT, INC., a Delaware corporation,

    Plaintiff,

v.

DIGITAL INSIGHT CORPORATION, a Delaware corporation, COMMUNITY TRUST FINANCIAL CORPORATION, a Louisiana corporation, and COMMUNITY TRUST BANK, a Louisiana Corporation;

    Defendants.

CASE NO. C10-00710 HRL

**COMPLAINT FOR PATENT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

MShift, Inc. ("MShift") hereby alleges for its complaint against defendants Digital Insight Corporation ("DI"), Community Trust Financial Corporation, ("Community Trust Financial"), and Community Trust Bank ("CTB") on personal knowledge as to their own actions and on information and belief as to actions of others, as follows:

## THE PARTIES

1.    Plaintiff MShift is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 40460 Encyclopedia Circle, Fremont, California.

COMPLAINT FOR PATENT INFRINGEMENT

2. Defendant DI is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business at 26025 Mureau Road, Calabasas, California 91302.

3. Defendant Community Trust Financial is a corporation organized and existing under the laws of the state of Louisiana, with its principal place of business at 1511 North Trenton Street, Ruston, Louisiana 71270.

4. Defendant CTB is a corporation organized and existing under the laws of the state of Louisiana, with its principal place of business at 3921 Elm Street, Choudrant, Louisiana 71227. CTB is a wholly owned subsidiary of Community Trust Financial.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a claim arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

6. Each defendant is subject to this Court's specific and general personal jurisdiction because: DI has its headquarters and principal place of business in California; and Community Trust Financial and CTB regularly conduct business in the state of California, including but not limited to, entering into agreements and doing business with DI, and selling and offering to sell products and/or services to consumers in the state of California through their interactive website, https://m.diginsite.com/ctb/login.jsp. In addition, MShift's causes of action arise directly from defendants' business contacts and other activities in the state of California. Upon information and belief, each defendant has committed patent infringement in the state of California, has contributed to patent infringement in the state of California, and/or has induced others to commit patent infringement in the state of California.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), in that each defendant has committed acts of infringement in this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

# FIRST CAUSE OF ACTION
### (Patent Infringement of U.S. Patent No. 6,950,881)
### (35 U.S.C. § 271)

8. MShift repeats and realleges the allegations of paragraphs 1 through 7 in their entirety.

9. On September 27, 2005, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,950,881 ("the '881 Patent"), entitled "System for Converting Wireless Communications for a Mobile Device," to Awele Ndili. A true and correct copy of the '881 Patent is attached hereto as Exhibit A. The '881 Patent was assigned to MShift, and MShift is the owner of all rights, title and interest in and to the '881 Patent.

10. DI, Community Trust Financial, and CTB have infringed and are continuing to infringe the '881 Patent, directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271, by making, using, marketing, distributing, selling, and/or offering to sell products and/or services that fall within one or more claims of the '881 Patent.

11. Upon information and belief, defendants had knowledge of the '881 Patent prior to the filing of this Complaint but have engaged in their infringing conduct nonetheless.

12. Unless enjoined by this Court, defendants will continue to infringe the '881 Patent, and MShift will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, MShift is entitled to preliminary and/or injunctive relief against such infringement pursuant to 28 U.S.C. § 283.

13. As a result of defendants' infringement of the '881 Patent, MShift has been and will continue to be injured in its business and property rights, and is entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial;

14. Defendants' infringement of the '881 Patent has been and continues to be deliberate and willful, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff MShift requests entry of judgment in its favor and against defendants as follows:

a. Declaring that the '881 Patent is valid and enforceable, and that each defendant has infringed one or more claims of the '881 Patent;

b. Declaring that defendants' infringement of the '881 Patent has been willful;

c. Preliminarily and/or permanently enjoining defendants and their officers, agents, servants, employees and attorneys, and all persons acting in active concert or participation with them, from further infringing, contributing to and/or inducing the infringement of the '881 Patent, in accordance with 35 U.S.C. § 283;

d. Awarding MShift damages in an amount adequate to compensate for defendants' infringement of the '881 Patent, in accordance with 35 U.S.C. § 284;

e. Increasing the damages to three times the amount found or assessed by virtue of the deliberate and willful nature of defendants' infringement, in accordance with 35 U.S.C. § 284;

f. Awarding MShift its costs of suit, including reasonable attorneys' fees; and

g. Granting such other and further relief as this Court may deem just and appropriate.

Dated: February 19, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
James C. Yoon

Attorneys for Plaintiff
MSHIFT, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 3-6(a) of the Local Rules of the United States District Court for the Northern District of California, plaintiff MShift demands a trial by jury of this action.

Dated: February 19, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____
James C. Yoon

Attorneys for Plaintiff
MSHIFT, INC.